OPINION
Defendant-appellant Thomas Gentile appeals from his plea-bargained guilty conviction for attempted murder with an accompanying firearm specification.
On April 30, 1998, defendant was charged in the Rocky River Municipal Court in connection with an incident that occurred the day before. Defendant kidnaped the victim, Ronald Pecora, one of his former co-workers. Defendant shot seven times at the victim as he tried to flee, and hit him four times. Defendant purchased the firearm before the crimes after falsifying federal firearm purchase forms.
Defendant was ultimately indicted by the grand jury on charges of attempted murder, kidnaping, and felonious assault, each with two accompanying firearm specifications. After defendant was arraigned and the court had appointed counsel for him, he entered a plea of not guilty. He subsequently filed a waiver of speedy trial until September 30, 1998.
The trial court conducted a series of at least five pretrials and scheduled trial for September 23, 1998 at 9:00 a.m. At the final pretrial on September 17, 1998, six days before trial, defendant addressed the court and requested a continuance. He stated that he would waive his right to speedy trial, that he was dissatisfied with the performance of his appointed counsel, and that his family was making an effort to retain counsel for him. At the conclusion of the hearing, the court denied defendant's motion for continuance.
At 9:13 a.m., shortly after trial was scheduled to begin on September 23, 1998, newly retained counsel filed a motion to continue trial and notice of appearance. The court thereafter conducted a hearing on the record in open court. Defendant was represented by both his appointed and retained counsel. Defendant's retained counsel stated that defendant made a "voluntary and knowing decision" that he did not want to take this matter to trial. Defendant thereafter entered a guilty plea pursuant to a plea bargain. Defendant was fully informed at this hearing and the prior hearing that the prosecution would seek the maximum sentence if defendant pleaded guilty pursuant to the plea bargain.
Defendant pleaded guilty to attempted murder with a firearm specification. The trial court found defendant guilty and the remaining two charges and five specifications were nolled. The trial court referred the matter for a presentence report. The court thereafter sentenced defendant to the maximum term of imprisonment of ten years for the attempted murder conviction, with an additional term of three years incarceration for the firearm specification. Through newly appointed counsel, defendant timely appeals.
Defendant's first assignment of error follows:
 THE TRIAL COURT VIOLATED THE APPELLANT/DEFENDANT'S CONSTITUTIONAL EFFECTIVE ASSISTANCE OF COUNSEL OF HIS CHOICE WHEN IT DENIED THE APPELLANT/DEFENDANT'S REQUEST FOR CONTINUANCE BY RETAINED COUNSEL.
This assignment lacks merit.
Defendant complains that the trial court violated his right to effective assistance of counsel when it denied his motion for a continuance untimely filed after the scheduled time for commencement of trial. He also complains that the trial court did not conduct a sufficient hearing on the reasons why defendant wanted to retain new counsel. We find no merit to either argument.
The record shows that defendant originally filed a waiver of speedy trial through the period ending on September 30, 1998 at 9:00 a.m. In August, the trial court scheduled the matter for trial on September 23, 1998. Six days before the scheduled trial, defendant addressed the court to request a continuance and opportunity for his family to attempt to retain new counsel. By this time, defendant had been in jail for more than five months and neither defendant nor his family had retained new counsel or made a showing that they would in fact do so at any time in the future. Defendant simply requested an open-ended extension for more time so that his family might retain new counsel.
Defendant discussed his views at length. (Tr. 3-19.) He claimed that appointed counsel would not request another continuance, had not obtained a psychologist to testify at trial, did not speak to him long enough about the facts of the case, did not get discovery from the prosecution, and did not exhibit sufficient advocacy or bargaining in the case. The court responded to these claims.
The court noted that defendant had already requested and obtained at least five continuances of pretrials. Because defendant was competent to stand trial and was not insane, psychological testimony would not help to establish his guilt or innocence. The prosecution stated, moreover, it had provided full discovery during numerous pretrials, including defendant's videotaped confession to the crimes. The court stated counsel was not required to conduct "hand holding" conversations with defendant.
The court also noted that appointed counsel was competent. He had negotiated the plea which defendant accepted and which significantly reduced his potential sentence from two additional first degree felonies. Defendant, furthermore, had specifically declined the opportunity to question his counsel. Finally, the court noted that defendant's case had been pending for five months and that additional continuances would impede the efficient and orderly administration of justice.
On the day of trial, six days after the trial court denied defendant's oral request for continuance, defendant appeared with newly retained counsel and requested an additional two to three weeks to prepare for trial. The written motion offered no new reasons why the court should now grant the continuance it had earlier denied. The trial court granted defendant's request for newly retained counsel to represent him, along with his appointed counsel, but denied the continuance.
Under the circumstances, defendant has failed to show that the trial court abused its discretion or committed reversible error. It is well established that "[t]he grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." State v. Mason (1998), 82 Ohio St.3d 144,155 (quoting State v. Unger (1981), 67 Ohio St.2d 65, syllabus.) To constitute an abuse of discretion, the trial court's ruling must involve more than an error of law or judgment; the court's attitude must be unreasonable, arbitrary, or unconscionable.
Defendant has made no such showing in the case at bar. Contrary to his argument in his brief on appeal, the trial court could properly deny his belated motion for a continuance, filed after trial was scheduled to begin. The motion simply sought more time, but did not argue or show "excusable neglect" or injustice to defendant as required by Crim.R. 45 (B). The case had been pending for five months and trial had been scheduled for a month. Every other participant, including the trial judge, prosecution, victim, and police detective Lewis, was prepared to proceed.
The record likewise demonstrates that the trial court conducted a lengthy hearing on his oral motion made six days prior to trial. Defendant spoke at length about his complaints concerning his appointed counsel. He declined the opportunity to question his appointed counsel and did not seek to present any other evidence. The trial court concluded that counsel was competent and that defendant's dissatisfaction stemmed from the charges and evidence arrayed against him, rather than from any inadequacy in defense counsel. Thus further delay was unwarranted. Under the circumstances, defendant has failed to show that the trial court's ruling was unreasonable, arbitrary, or unconscionable.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error follows:
 THE APPELLANT/DEFENDANT WAS SENTENCED CONTRARY TO LAW WITHIN THE MEANING OF OHIO'S SENTENCING GUIDELINES.
This assignment is well taken in part.
Defendant argues that the trial court did not make sufficient determinations to depart from the minimum sentence and to impose the maximum sentence against him in the case at bar. Under the circumstances, we are compelled to agree in part, because the trial court did not sufficiently state its findings and reasons to impose the maximum sentence.
The Supreme Court recently addressed the principles governing the imposition of minimum and maximum sentences in State v.Edmonson (1999), 86 Ohio St.3d 324. The Court stated that to depart from the minimum sentence required by law, the trial court must find that the minimum prison term will either (1) demean the seriousness of the offender's conduct, or (2) not adequately protect the public from future crime by the offender or others.Id. at 326, applying R.C. 2929.14 (B).
The record reveals that the trial court satisfied this statutory requirement in the case at bar when the court stated the following during sentencing:
 I do thereby impose this sentence primarily to effectively punish this offender and protect the public from future crime.
(Tr. 74.) The trial court is not required to state its reasons for making this finding. Id.
The Edmonson Court held that a trial court may impose the maximum sentence only upon (1) offenders who committed the worst forms of the offense, (2) offenders who pose the greatest likelihood of committing future crimes, (3) certain major drug offenders, and (4) certain repeat violent offenders. To impose such a sentence, the trial court must find that the crime fits within one of these four categories and state its reasons for imposing the maximum prison term. Id. at 328-329, applying R.C.2929.14 (C) and R.C. 2929.19 (B) (2) (d)
Conducting a lengthy sentencing hearing (Tr. 47-77), the trial court in the case at bar heard from newly retained defense counsel, defendant, and the victim.[1] Although the court stated many reasons for imposing the maximum sentence, neither its journal entry nor its statements at the sentencing hearing identified any of the four criteria set forth under R.C. 2929.14
(C) to warrant such a sentence. As a result we must remand for resentencing. State v. Edmonson, supra at 329.
Accordingly, defendant's second assignment of error is well-taken in part.
Judgment affirmed and remanded for resentencing.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue from this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL. P.J., and MICHAEL J. CORRIGAN. J., CONCUR.
 _______________________ DIANE KARPINSKI JUDGE
[1] Defendant's newly retained counsel also filed a lengthy sentencing memorandum.